**2018 UT App 105**

## THE UTAH COURT OF APPEALS

ROBERT PILOT,
Appellant,
*v.*
EARL N. HILL,
Appellee.

Opinion
No. 20160959-CA
Filed June 7, 2018

Third District Court, Silver Summit Department
The Honorable Kara Pettit
No. 140500187

Karra J. Porter, Kristen C. Kiburtz, and Edward T.
Wells, Attorneys for Appellant

Kristin A. VanOrman, S. Spencer Brown, and Jessica
J. Johnston, Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES KATE A. TOOMEY and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1　In an effort to promote proportional discovery practices, Utah adopted tier designations in 2011 whereby parties must plead an amount of damages that correlates to one of three specified tiers. These tier designations have far-reaching effects on how parties handle discovery during a case. Corresponding with this, tier designations also impose limits on the amount of damages a plaintiff can ultimately recover. Robert Pilot seeks to circumvent those intended effects after trial by amending his original tier designation from Tier 2 to Tier 3, a change that would increase the amount of damages he is entitled to recover. We affirm the trial court's denial of his motion to amend.

BACKGROUND

¶2     Earl N. Hill's vehicle rear-ended Pilot's vehicle, causing Pilot personal injuries. Pilot filed suit and specifically pleaded, "This is a Tier II case." A Tier 2 designation sets the range of damages between $50,000 and less than $300,000, Utah R. Civ. P. 26(c)(3), and limits the amount of discovery the parties may conduct, *id.* R. 26(c)(5).

¶3     Before trial, Pilot's expert economist estimated that Pilot's total economic damages were close to $1,000,000 and that his future wage loss was approximately $634,000. Nevertheless, the parties completed discovery and proceeded to trial with no amendments to the original pleadings.

¶4     During a pretrial conference, the trial court attempted to address the tier designation while working through the jury instructions. The court asked, "And then this last thing just to make sure that I guess I'm understanding how the parties anticipate approaching the Tier 2 aspect of it. That you just present your evidence and then if they come up with a verdict of $300,000 or more, it gets reduced?" Hill's counsel responded, "Right," while Pilot's counsel responded, "Yeah, I think we deal with that after trial."

¶5     At trial, Pilot's expert testified as expected with no objection. The jury awarded $640,989 in damages to Pilot. Pilot then filed a motion to amend his pleading under rule 15(b) of the Utah Rules of Civil Procedure, arguing that "the issue of damages exceeding $299,999 was tried by implied consent." The trial court denied the motion, ruling that Hill "had no reason to believe the evidence presented by [Pilot's] expert was being introduced to allow [Pilot] to recover damages above $300,000, and was not simply introduced to establish what, if any, injuries [Pilot] suffered for purposes of recovering damages up to $299,999."

¶6      Pilot appeals.

ISSUE AND STANDARD OF REVIEW

¶7      Pilot challenges the trial court's denial of his rule 15(b) motion to amend pleadings.

> Our review of the trial court's application of rule 15(b) is a legal question that we review for correctness. However, because the trial court's determination of whether the issues were tried with all parties' implied consent is highly fact intensive, we grant the trial court a fairly broad measure of discretion in making that determination under a given set of facts.

*Keller v. Southwood N. Med. Pavilion, Inc.*, 959 P.2d 102, 105 (Utah 1998) (cleaned up).

ANALYSIS

¶8      Pilot argues that the plain language of rule 15(b) and supporting case law are contrary to the trial court's decision to allow Hill to "try an issue without raising an objection . . . and then claim that the pleadings cannot be amended to conform to the evidence presented." We disagree with Pilot's characterization of the issue and, ultimately, with his argument.

¶9      Rule 15 of the Utah Rules of Civil Procedure governs amendments and supplements to pleadings. Rule 15(b) specifically governs amendments to pleadings during and after trial. *See* Utah R. Civ. P. 15(b). "Rule 15(b) has two parts, one mandatory and one discretionary." *Hill v. Estate of Allred*, 2009 UT 28, ¶ 47, 216 P.3d 929. At issue is the mandatory part of the rule, which states,

> When an issue not raised in the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Utah R. Civ. P. 15(b)(1).

¶10　Rule 15(b) cannot be applied in these circumstances. Here, the tier designation and the corresponding range of the amount of damages were pleaded issues, not unpleaded issues.

¶11　We begin our analysis by examining the term "unpleaded issue." "When we interpret a procedural rule, we do so according to our general rules of statutory construction." *Arbogast Family Trust v. River Crossings, LLC*, 2010 UT 40, ¶ 18, 238 P.3d 1035. We therefore start by examining the ordinary meaning of "unpleaded issue" and only continue the inquiry where the ordinary meaning is ambiguous. *See id.* ¶¶ 18–19. An issue is "[a] point in dispute between two or more parties." *Issue*, Black's Law Dictionary (10th ed. 2014). An issue is unpleaded if it is "not raised in the pleadings." *See* Utah R. Civ. P. 15(b)(1).

¶12　Under this framework, the tier designation that Pilot specified in his complaint was, by the ordinary meaning of the term, a pleaded issue. Neither party disagrees that the amount of damages or the tier designation are points of dispute—that is, issues—in this case. Pilot's pleading designated the case as Tier 2. Because Tier 2 damages were a point of dispute, and because the tier was raised in the pleading, Pilot's tier designation was a pleaded issue.

¶13　Rule 15(b) applies only to "issue[s] not raised in the pleadings." *Id.* Because Pilot pleaded that the case was Tier 2, the

issue was pleaded, not unpleaded, and rule 15(b) is inapplicable to amend the tier designation.

¶14    We also note that the rules characterize tier designations as issues that a party pleads. Rule 8(a) of the Utah Rules of Civil Procedure describes pleadings and states, "A party who claims damages but does not plead an amount must plead that the damages are such as to qualify for a specified tier[.]" *Id.* R. 8(a). Thus, the rules treat tier designations as issues that must be included in the pleadings. A party is not free to fail to plead a specified tier. Rule 8(a) further states, "A pleading that qualifies for tier 1 or tier 2 discovery constitutes a waiver of any right to recover damages above the tier limits specified in Rule 26(c)(3), unless the pleading is amended under Rule 15." *Id.* Accordingly, not only is a tier designation itself described as a pleaded issue, but pleading a particular tier waives designation to another tier. Although that waiver is subject to amendment under rule 15, rule 15(b) is inapplicable to that express waiver because, as explained above, that rule applies only to unpleaded issues.[1]

---

1. We base our decision solely upon the plain language of rules 8 and 15. However, we also observe that the Utah Supreme Court's Advisory Committee on the Rules of Civil Procedure's explanation regarding rule 8 supports our conclusion. The Advisory Committee Notes to rule 8 state:

> The amount of damages pled will determine the amount of standard discovery available under Rule 26(c)(3). It would be unfair for a party to plead a smaller amount of damages in order to take advantage of the streamlined discovery and then seek to recover greater damages. Thus, Rule 8 provides that a party waives its right to recover damages in excess of the maximums provided for that tier unless the pleading is amended.

(continued…)

¶15    Despite Pilot's attempt to cast Tier 2 and Tier 3 damages as separate and simultaneously triable issues, Pilot excluded the possibility of Tier 3 damages by expressly pleading that the case was Tier 2. Because Pilot excluded Tier 3 damages in his pleadings, the trial court acted well within its broad discretion, *see Keller v. Southwood N. Med. Pavilion, Inc.*, 959 P.2d 102, 105 (Utah 1998), to conclude that Hill had "no reason to believe a

---

(…continued)

Utah R. Civ. P. 8 advisory committee notes. Further, on a Frequently Asked Questions page on the Utah Court's website, the Committee was asked, "What if a jury awards an amount in excess of the tier limits? May a motion to amend to conform to the evidence be made at that point?" *Advisory Committee FAQs*, Utah Courts Civil Procedures Committee, http://www.utcourts .gov/committees/civproc/Effect%20of%20discovery%20tier%20 on%20limiting%20the%20judgmentpdf  [https://perma.cc/5QSV-USJV]. The Advisory Committee responded,

> No. Under Rule 8(a), a party who pleads the case as a tier 1 or tier 2 case has waived any right to recover damages above the applicable tier limits. Thus, unless the party has appropriately amended its pleading pursuant to Rule 15, the tier limit restricts the amount of damages that can be awarded. An award in excess of the tier must be reduced by the court to the applicable tier limit. The choice of a lower tier confers the benefit of no significant discovery in return for the party's giving up the chance to obtain greater damages. It would be inequitable if a party were allowed to plead a case into tier 1, prevent the defense from conducting the discovery befitting a larger claim, and then recover an amount in excess of the tier limit.

*Id.*

new issue [was] being injected into the case," and thus could not "be said to have impliedly consented" to trying the case at Tier 3, *see Hill v. Estate of Allred*, 2009 UT 28, ¶ 48, 216 P.3d 929 (cleaned up).

## CONCLUSION

¶16    In short, we conclude that a tier designation is a pleaded issue. Because rule 15(b) applies only to amend unpleaded issues, the trial court did not abuse its discretion in denying Pilot's motion.

¶17    Affirmed.

_____